**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

SHORT ENVIRONMENTAL
LABORATORIES, INC                          Case No. 18-19640-MAM
EIN: 59-2943614                            Chapter 11

_____/

**SHORT ENVIRONMENTAL LABORATORIES, INC.**
**A CHAPTER 11 PLAN OF REORGANIZATION**

May 6, 2019

WHITE-BOYD LAW, P.A.
Attorneys for Debtor
By: Nadine V. White-Boyd, Esq.
5589 Okeechobee Blvd., Suite 103
West Palm Beach, FL 33417
Telephone: (561) 508-3042
Email: nvwboyd@aol.com
Email: nadine@wblawpa.com

## TABLE OF CONTENTS

ARTICLE I DEFINITIONS ........................................................................................................4

ARTICLE II. BACKGROUND OF DEBTOR AND COMMENCEMENT ...............................7
2.01. Background of Debtor ...................................................................................................7
2.02. Commencement of Chapter 11 Case  ...........................................................................  8
2.03. Retained Professionals...................................................................................................8

ARTICLE III. TREATMENT OF UNCLASSIFIED CLAIMS: ADMINISTRATIVE CLAIMS,
PRIORITY TAX CLAIMSAND UNITED STATES TRUSTEE'S FEES .................................9
3.01. Allowed Administrative Claims .....................................................................................9
3.02. Priority Tax Claims.........................................................................................................9
3.03. United States Trustee's Fees  ........................................................................................  9

ARTICLE IV.CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS ......................10

ARTICLE V. TREATMENT OF CLASSIFIED CLAIMS AND EQUITY INTERESTS..........10
5.01. Class 1. Allowed Wells Fargo Bank Secured Claim  ...................................................  10
5.02. Class 2. Allowed Internal Revenue Service Claim.......................................................11
5.03. Class 3. Allowed World Omni Financial Claim ...........................................................11
5.04. Class 4. Allowed Administrative Convenience Claim ..................................................11
5.05. Class 5. Allowed General Unsecured Claims ...............................................................12
5.06. Class 6. Allowed Equity Interests.................................................................................12

ARTICLE VI PROVISIONS REGARDING VOTING AND DISTRIBUTIONS UNDER THE
PLAN, ALLOWANCE OF CERTAIN CLAIMS, AND TREATMENT OF DISPUTED,
CONTINGENT AND UNLIQUIDATED ADMINISTRATIVE
EXPENSE CLAIMS, CLAIMS AND EQUITY INTERESTS.....................................................12
6.01. Solicitation of Votes .....................................................................................................12
6.02.Voting of Claims and Equity Interests...........................................................................13
6.03. Method of Distribution Under the Plan  ........................................................................  13
6.04. Distributions Withheld for Disputed Claims ................................................................14
6.05. Procedures for Allowance or Disallowance of Disputed Claims ..................................14
6.06. Disbursing Agent ..........................................................................................................16
6.07. Setoffs and Recoupment................................................................................................16
6.08. Estimations of Claims....................................................................................................16
6.09. No Recourse...................................................................................................................16
6.10. Amendments to Claims..................................................................................................17
6.11. Post-petition Interest on Claims....................................................................................17
6.12. Unclaimed Funds ..........................................................................................................17

ARTICLE VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES...........................17
7.01. Assumption or Rejection of Executory Contracts and Unexpired Leases.........................17
7.02. Cure of Defaults.............................................................................................................18
7.03. Bar Date for Filing Proofs of Claim Relating to Executory Contracts and
          Unexpired Leases Rejected Pursuant to the Plan.......................................................18

ARTICLE VIII. MEANS FOR IMPLEMENTATION AND EFFCT OF CONFIRMATION OF
PLAN ........................................................................................................................................18

8.01. General..................................................................................................... 18
8.02. Continued Corporate Existence ..........................................................18
8.03. The Reorganized Debtor ......................................................................18
8.04. Corporate Action ...................................................................................19
8.05. Administration After the Effective Date.............................................19
8.06. Term of Bankruptcy Injunction or Stays ...........................................19
8.07. Re-vesting of Assets ..............................................................................19
8.08. Causes of Action ....................................................................................19
8.09 Discharge of Debtor...............................................................................19
8.10. Injunction Related to Discharge .........................................................20
8.11 Release by Holders of Impaired Claims. .............................................20
8.12. Injunction Against Interference with the Plan ..................................20
8.13 Votes Solicited in Good Faith................................................................21
8.14. Payments Within 90 Days of Filing .................................................... 21

ARTICLE IX CONFIRMATION AND EFFECTIVENESS OF THE PLAN.............................21
9.01. Conditions Precedent to Confirmation ..............................................21
9.02. Effect of Failure of Conditions ...........................................................22
9.03. Waiver of Conditions.............................................................................22

ARTICLE X RETENTION OF JURISDICTION ....................................................................22

ARTICLE XI MISCELLANEOUS PROVISIONS ...................................................................24
11.01 Effectuating Documents and Further Transactions. .......................24
11.02 Post-Effective Date Fees and Expenses.............................................24
11.03 Payment of Statutory Fees ..................................................................24
11.04 Amendment or Modification of Plan..................................................24
11.05 Severability .............................................................................................24
11.06 Revocation or Withdrawal of the Plan...............................................25
11.07 Binding Effect Notices .........................................................................25
11.08 Notices ....................................................................................................25
11.09 Governing Law .......................................................................................25
11.10 Withholding and Reporting Requirements .......................................25
11.11 Section 1125(e) of the Code ................................................................26
11.12 Filing of Additional Documents .........................................................26
11.13 No Admissions........................................................................................26
11.14 Waiver of Bankruptcy Rules 3020(e) and 7062 .............................26
11.15 Time.........................................................................................................26
11.16 Substantial Consummation ..................................................................26
11.17 Final Decree ...........................................................................................26
11.18 Inconsistency .........................................................................................26
11.19 No Interest or Attorneys' Fees ...........................................................26
11.20 Successors and Assigns ........................................................................26
11.21 Headings .................................................................................................26
11.22 No Penalty for Prepayment..................................................................26
11.23 Savings Clause........................................................................................26
11.24 Remedy or Defects ...............................................................................26
11.25 Post Confirmation Date Service List .................................................26
ARTICLE XII. CONCLUSION ...............................................................................................27
CERTIFICATE OF SERVICE ................................................................................................28

## DEBTOR'S PLAN OF REORGANIZATION
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Short Environmental Laboratories, Inc. (the "Debtor") proposes the following plan of reorganization under §1121(a) of the Bankruptcy Code:

## ARTICLE I
## DEFINITIONS

For the purposes of this Plan and to the extent not otherwise provided herein the terms below shall have the respective meanings set forth below, and unless otherwise indicated, the singular shall include the plural and capitalized terms shall refer to the terms as defined in this Article and, any term used in the Plan which is not defined below, but which is used in the Bankruptcy Code, shall have the meaning assigned to it in the Bankruptcy Code.

*"Actions"* shall mean all actions that a trustee or debtor in possession is empowered to bring pursuant to the Code, including, without limitation, any cause of action, lawsuit, adversary proceeding, contested matter, claim objection, Avoidance Action, or right of the Debtor or, the Estate against any Person.

*"Administrative Claimant"* shall mean the holder of an Administrative Claim.

*"Allowed Claim"* shall mean a claim that has been listed by the Debtor in its schedules as undisputed, or in such instance as a creditor files a timely proof of claim which the Debtor does not dispute. In those instances where the Debtor has scheduled a debt as disputed, unmatured or unliquidated, and no timely proof of claim is filed by the creditor, or in such instances where a creditor files a proof of claim which is disputed by the Debtor, and where the Debtor files an objection to such claims, such claims shall be disallowed or shall be deemed allowed only to the extent adjudicated by the Bankruptcy Court.

*"Allowed Equity Interest"* shall mean any Equity Interest which has not been timely disputed, or if timely disputed, which has been allowed by order of the Court which has become a Final Order.

*"Assets"* shall mean all of the right, title, and interest of the Debtor in and to Property of the Estate, whether tangible or intangible.

*"Assumed Contract"* shall mean an Executory Contract (as modified or amended pursuant to the Plan, prior order of the Court, or by agreement of the parties) that is assumed by the Debtor pursuant to the Plan.

*"Ballot"* shall mean the ballot upon which holders of Claims and Equity Interests in each Impaired Class of Claims and Equity Interests that are entitled to vote on the Plan shall indicate their acceptance or rejection of the Plan and, if applicable, such other elections as may be made thereon are to be indicated.

*"Ballot Deadline"* shall mean the last day established by order of the Court for filing a ballot.

*"Business Day"* shall mean a day other than a Saturday, a Sunday, or a day on which commercial banks in West Palm Beach, Florida are authorized or required to close

*"Case"* shall mean Case No. 18-19640-MAM, which is pending before the United States Bankruptcy Court for the Southern District of Florida.

*"Cash"* shall mean legal tender of the United States of America.

*"Claim"* shall mean (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed or contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; (c) without limiting the generality of the foregoing, all Administrative Claims, Priority Claims, Secured Claims, and Unsecured Claims.

*"Claims Bar Date"* shall mean December 17, 2018 the last date for creditors, other than a governmental unit, to file Proofs of Claim or Equity Interest in the *Case*. Governmental Claims Bar date is set forth below as February 3, 2019.

*"Class"* shall mean a group of Claims or Equity Interests classified together pursuant to Article V of the Plan.

*"Code"* shall mean the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

*"Collateral"* shall mean any property or interest in Property of the Estate of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Code or otherwise is invalid under the Code or applicable state law.

*"Confirmation"* shall mean the entry by the Court of the Confirmation Order.

*"Confirmation Date"* shall mean the date on which the Clerk of the Court enters the Confirmation Order on the Docket.

*"Confirmation Hearing"* shall mean a hearing held by the Court to consider Confirmation of the Plan pursuant to §1128 of the Code.

*"Confirmation Order"* shall mean the order entered by the Court confirming the Plan, which shall contain such provisions as the Proponent desires and shall otherwise be in a form and substance satisfactory to the Proponent.

*"Court"* shall mean the United States Bankruptcy Court for the Southern District of Florida, including any Bankruptcy Judge thereof, and any court having competent jurisdiction to hear appeals from the Bankruptcy Judges thereof

*"Debtor"*, *"Debtor in Possession"* or *"SEL"* shall mean Short Environmental Laboratories, Inc.

*"Disbursing Agent"* shall have the meaning ascribed to it in § 6.06 of the Plan and is the party responsible for making distributions under the Plan. The First distributions under the Plan shall be made by Debtor's counsel from proceeds deposited by Debtor into Debtor's counsel's trust account and thereafter as set forth in § 6.06 of the Plan.

*"Disputed Amount"* shall mean with respect to a particular Disputed Claim, that amount which is equal to the difference, if any, between the Face Amount of such Claim and the amount, if any, of such Claim which the party objecting thereto concedes.

*"Disputed Claim"* shall mean any Disputed Claim, including Disputed General Unsecured Claims, Disputed Priority Claims, and Disputed Lienholder Secured Claims. Holders of Claims valued at an unknown amount, and holders of Disputed Claims, shall not be entitled to vote on the Plan, unless otherwise provided for in the Plan

*"Disputed Claims Reserve"* shall have the meaning set forth in §6.04(a) of the Plan.

*Disputed Equity Interest"* shall mean any Equity Interest which has not yet been allowed and with respect to which an objection has been interposed on or prior to the Confirmation Date or such other date fixed by the Court and which objection has not been withdrawn or determined by a Final Order, or which is listed on the Schedules as disputed, contingent or unliquidated.

*"Distribution"* shall mean funds to be paid to holders of Claims pursuant to Article III, Article IV, Article V and Article VI of the Plan.

*"Distribution Date"* shall mean the dates upon which Distributions may be made pursuant to Article V1 of the Plan.

*"Distribution Record Date"* shall mean the date, as set by an order of the Court, on which the Debtor or Reorganized Debtor, as the case may be, will cease processing transfers of Claims and Equity Interests, and upon which Allowed Claims or Allowed Equity Interests are determined for purposes of voting on, or receiving Distributions under, the Plan.

*"Docket"* shall mean the docket maintained in this Case by the Clerk of the Court.

*"Effective Date"* shall be described in the Confirmation Order and shall be the date upon which the last of the conditions precedent to the occurrence of the Effective Date set forth in Section 9.01 of the Plan occurs.

*"Equity Interest"* shall mean any ownership or equity interest in the Debtor, including without limitation, interests evidenced by common or preferred stock, warrants, options, or other rights to purchase any ownership or equity interest in the Debtor.

*"Face Amount"* shall mean with respect to a particular Claim, (a) if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount of such Claim that was listed in the Schedules (as originally filed in this Case as not disputed, contingent or unliquidated; or (b) if the holder of such Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount stated in such proof of claim.

*"Filing Date"* and *"Petition Date"* shall mean August 7, 2018 the date on which the Debtor commenced this Case by filing a voluntary petition under Chapter 11 of the Code.

*"Final Order"* shall mean an order or judgment of the Court as entered on this Court's Docket that has not been reversed, stayed, modified, or amended, and respecting which the time to appeal, petition for certiorari or seek reargument, review or rehearing has expired, and as to which no, appeal, reargument, petition for certiorari, review or rehearing is pending, or as to which any right to appeal, reargue, petition for certiorari or seek

review or rehearing has been waived in writing in a manner satisfactory to the Proponent, or, if any appeal, reargument, petition for certiorari, review or rehearing thereof has been denied, the time to take further appeal or to seek certiorari or further rehearing, review or reargument has expired. If any provision of the Plan requires the entry of a Final Order as a condition to the occurrence or performance of an act, the Proponent may waive such requirement in accordance with the Plan.

*"General Unsecured Claim" and "Unsecured Claim"* shall mean a Claim other than a Secured Claim, a Priority Claim, a Priority Tax Claim, or an Administrative Claim.

*"Governmental Claims Bar Date"* shall mean February 3, 2019, the last date for a governmental unit to file Proofs of Claim in the Case.

*"Late Filed Claim"* shall mean a Claim filed after the Claims Bar Date or the Governmental Claims Bar Date as set forth herein.

*"Lien"* shall mean a charge against or interest in any Property of the Estate to secure payment of a debt or performance of an obligation.

*"Net Proceeds"* shall mean the amount remaining from recoveries in Actions less attorneys' fees, costs and related expenses.

*"Plan" or "The Plan"* shall mean this Plan of Reorganization or any subsequent amendments or modifications.

*"Professional"* shall mean any professional employed in this Case pursuant to §§327, 328 or 1103 of the Code or otherwise pursuant to an order of the Court.

*"Proponent"* shall mean the Debtor.

*"Rejected Contract"* shall mean an Executory Contract that is rejected at any time during this Case or pursuant to Article VII of the Plan.

*"Reorganized Debtor"* shall mean Short Environmental Laboratories

*"Rules"* shall mean the Federal Rules of Bankruptcy Procedure.

*"Unsecured Creditor"* shall mean the holder of an Unsecured Claim.

## ARTICLE II

### BACKGROUND OF DEBTOR AND
### <u>COMMENCEMENT OF THIS CHAPTER 11 CASE</u>

#### 2.01    Background of Debtor

The Debtor, Short Environmental Laboratories ("SEL") is a subchapter S company incorporated March 24, 1989. SEL is owned 100% by David W. Murto.

SEL provides sample collection and analytical testing services and reporting of same for the Central Florida area with certified testing provided through SEL's partner labs. Testing is generally of waters for the purposes of ensuring safe drinking water and preventing pollution. Its trained field personnel collect ground waters, drinking waters, waste waters, and surface waters for testing.  SEL's clients consists of various industries including public and private utilities (water & wastewater); industrial plants, dairy, citrus, and other agriculture farmers; regulatory agencies; and residential customers.  SEL also tests well water for real estate transactions, new construction requirements and the general public. Most testing is mandated by government regulations.

SEL's operations is conveniently located at a storefront on US 27 at Lake Josephine Drive for all its customers as well as for walk-in customers and clients who collect their own samples.

## 2.02    Commencement of the Chapter 11 Case

In 2006, Mr. Murto, the 100% shareholder of the Debtor, obtained a 15 year mortgage for $957,900.00 from Wells Fargo, guaranteed by the real property owned by Mr Murto, and the Debtor's equipment, and vehicles. The timing of this transaction was unfortunate, coming as it did right before the recession. Sales fell during the next several years while expenses continued to rise, causing substantial losses. The decline in sales resulted in decline in the Debtor's business revenue and the Debtor was unable to meet its financial obligations.  Loan payments were approximately $10,500 per month, a budgetable amount before the recession, but untenable afterwards. The loan was modified in August 2013 and finally in August 2015 to payments of $4,579.00 per month with an extension of the maturity date to 2031 with a balloon payment.

On June 8, 2018, Wells Fargo Bank, N.A initiated a complaint against the Debtor in the matter of Wells Fargo Bank, NA vs Short Environmental Laboratories, Inc., et. al., Case number 282018CA000301GCAXM in the Tenth Judicial Circuit Court, Highlands County, Florida seeking to enforce its note, to foreclose on the mortgage, for assignment of rents and to foreclose on its commercial security agreement.

The Debtor, in its effort to retain the business operations determined that relief under Chapter 11 of the Bankruptcy Code would enable it to restructure and continue to operate

Prior to the commencement of the Chapter 11 case, the Debtor and the Internal Revenue Service entered into agreement as to amounts due to the Internal Revenue Service. The Debtor was in compliance with the IRS' agreement at the commencement of the case.

## 2.03    Retained Professionals

The Bankruptcy Court authorized the Debtor to retain certain professionals in connection with the Case. Specifically, Debtor has retained, and the Bankruptcy Court approved the retention of White-Boyd Law, P.A. and Nadine White-Boyd, Esq. as general bankruptcy counsel per Order Granting Application to Employ [ECF #17] and approved the retention of CliftonLarsonAllen, LLP, Julie Fowler and Allison Huggins as accountant for the Debtor [ECF # 38]

## ARTICLE III

### TREATMENT OF UNCLASSIFIED CLAIMS:
### ADMINISTRATIVE CLAIMS, PRIORITY TAX CLAIMS
### AND UNITED STATES TRUSTEE'S FEES

The following Administrative Claims, Priority Tax Claims and United States Trustee's Fees are Unimpaired under the Plan and will be treated as follows:

### 3.01   Allowed Administrative Claims.

Allowed Administrative Claim described in 11 U.S.C. §507(a)(1) shall be paid on the date on which such Claims become due in the ordinary course, in accordance with the terms and conditions of any agreement relating thereto or upon such other dates and terms as may be agreed upon by the holders of such Allowed Administrative Claims. All other holders of Allowed Administrative Claims (with the exception of the professionals who will he paid 100% of the amount allowed by the Bankruptcy Court upon application to the Bankruptcy Court and those Claims otherwise specifically dealt with in the Plan) shall be paid 100% of their respective Allowed Administrative Claims in cash, unless otherwise ordered by the Bankruptcy Court, upon the latter of (i) the Effective Date, or, (ii) the date on which an order approving payment of such Administrative Claim becomes a Final Order.

At the time of this filing, the only known administrative claim for professional fees and the projected balance due at the time of confirmation are:

-        Debtor's Counsel, White-Boyd Law, P.A. It is anticipated that Debtor's Counsel will have an administrative claim of approximately $20,000.00 against which the original retainer of $5,000.00 will be applied. Protracted litigation and negotiations to achieve confirmation would have an impact on the above referenced figure.

-        Debtor's Accountant, CliftonLarsonAllen, LLP. It is anticipated that Debtor's Accountant will have an administrative claim of approximately $2,000.00.

### 3.02   Priority Tax Claims

Except to the extent that a holder of an Allowed Priority Tax Claim under §507(a)(8) of the Code has been paid by the Debtor prior to the Effective Date or agrees to a different treatment, each, holder of an Allowed Priority Tax Claim shall be paid in the ordinary course of Debtor's business on the date of assessment of such Claim.

-        The Department of Treasury – Internal Revenue Service filed claim #2 reflecting pre-petition priority taxes due in the amount of $100.00. The Debtor believes there are no prepetition Priority taxes due.  If there are prepetition priority taxes the Debtor proposes to pay the Internal Revenue Service on its priority claim #2 in the amount of $100.0 at the statutory interest rate within 30 days of entry of confirmation.

### 3.03   United States Trustee's Fees.

The Reorganized Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) through Confirmation on the Effective Date.

The Reorganized Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time periods set forth in 28 U.S.C. §1930(a)(6), until the earlier of the closing of this Case by the issuance of a Final Decree by the Court, or upon entry of an order of this Court dismissing this Case, or converting this Case to another chapter under the Code, and the Reorganized Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating disbursement for the relevant periods.

## ARTICLE IV

## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

For purposes of this Plan, the Classes of Claims and Equity Interests against or in the Debtor shall be as follows:

*"Class 1"* shall mean the Allowed Secured Claim of Wells Fargo Bank, NA, as described, classified and treated in Section 5.01 of this Plan. This Class is impaired within the meaning of §1124 of the Bankruptcy Code.

*"Class 2"* shall mean the Claim of Department of Treasury - Internal Revenue Service, as described and classified in Section 5.02 of this Plan. This Class is impaired within the meaning of §1124 of the Bankruptcy Code.

"*Class 3*" shall mean the Allowed Secured Claim of World Omni Financial Corp. as described, classified and treated in Section 5.03 of this Plan. This Class is unimpaired within the meaning of §1124 of the Bankruptcy Code

"*Class 4*" shall mean the Administrative Convenience class pursuant to 11 U.S.C. 1122(b) allowed under Bankruptcy Code section 502 as described, classified and treated in Section 5.04 of this Plan. This Class is impaired within the meaning of §1124 of the Bankruptcy Code.

*"Class 5"* shall mean the Allowed General Unsecured Claims, as described, classified, and treated in Section 5.05 of this Plan. This Class is impaired within the meaning of §1124 of the Bankruptcy Code

*"Class 6"* shall mean the Allowed Equity Interests, as described, classified and treated in Section 5.06 of this Plan. This Class is impaired within the meaning of §1124 of the Bankruptcy Code.

## ARTICLE V

## TREATMENT OF CLASSIFIED CLAIMS AND EQUITY INTERESTS

### 5.01    Class 1.  Wells Fargo Bank, NA.'s Allowed Secured Claim

Class 1 consists of the Allowed Secured Claim #7 of Wells Fargo Bank, NA ("Wells Fargo") in the amount of $19,170.00 as of Petition Date. Class 1 is impaired and is entitled to vote.

Wells Fargo filed a bifurcated claim, Claim #7, consisting of a secured claim in the amount of $19,170.00 and an unsecured claim in the amount of $826,771.45. The Debtor proposes to pay the allowed secured claim amount of $19,170.00 by making monthly payments in the amount of $363.96 for a period of 60 months. The allowed secured claim shall be amortized at an interest rate of 4% over 5 years. Payments shall commence on or before the 30th day after the Effective Date with subsequent payments due on the 1st day of the month. The Debtor shall have a fifteen (15) day grace period to make the payments. The foregoing payments will be generated from the Debtor's business operations. The Debtor is permitted to prepay without penalty.

Wells Fargo's unsecured claim amount is disputed. The Debtor disputes the unsecured amount reflected in Wells Fargo's claim #7 by virtue of the promissory note and the security agreement reflected in Claim #7. Wells Fargo has a security interest in real property located at 10405 US Highway 27 S., Sebring, FL 33876-9502 ("Property") which has not been liquidated. The Property is owned by the 100% shareholder of the Debtor. The Property is the subject of the pending foreclosure action in the Tenth Judicial Circuit Court, Highland County, case number 282018CA000301GCAXM. Wells Fargo shall not receive treatment on its unsecured claim. In the event that Wells Fargo objects to the treatment of its unsecured claim amount, upon determination of the unsecured claim amount, Wells Fargo shall receive treatment on its liquidated general unsecured claim amount in Class 5 below. The Debtor shall not maintain an insurance policy ("keyman policy") for the benefit of Wells Fargo.

### 5.02    Class 2. Secured Claim of the Department of Treasury - Internal Revenue Service ("IRS")

This is an impaired class entitled to vote. The IRS filed claim #2 as a secured claim in the amount of $180,043.32. The IRS shall receive treatment on its secured claim number 2 in the amount of $180,043.32 amortized over 5 years at the statutory interest rate of 5%. The initial payment shall be $1,400.00 due on or before the 30th day after the Effective Date. The Debtor shall pay $1,500.00 per month for months 2 through 12 and thereafter shall pay $3,900.00 per month for months 13 through 60. The IRS' claim shall be paid over five (5) years from the entry of the Confirmation Order.

### 5.03    Class 3. Allowed Secured Claim of World Omni Financial Corp.

This is an unimpaired class not entitled to vote. Class 3 consists of the Allowed Secured Claim #9 of World Omni Financial Corp. ("World Omni") for the 2015 Toyota Tacoma (VIN: 5TFLU4EN4FX140467) in the amount of $16,235.42. All the loan provisions provided for in the agreement with Debtor and World Omni shall remain in effect and the Debtor shall continue making the monthly payment pursuant to the prepetition agreement until the loan is paid in full.

### 5.04    Class 4 Allowed Administrative Convenience Class of General Unsecured Claims.

This Class is impaired and entitled to vote. This class consists of general unsecured creditors with claims less than $10,000.00 or to any claimant who agrees to reduce their claim to $10,000.00. Such

claimant shall be entitled to 2% of its claim. Such payment shall be made on or before the 30th day after the entry of the Confirmation Order.

### 5.05    Class 5 Allowed General Unsecured Claims.

Class 5 consists of the Allowed General Unsecured creditors. Class 5 is impaired and entitled to vote. Those General Unsecured creditors who were listed by Debtor as having disputed, contingent, unliquidated claims who failed to timely file claims shall not receive treatment under the Debtor's Plan. Each holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction, settlement, release, extinguishment and discharge of its respective claims as follows: (i) 1% of its allowed claim amount to be paid over 60 months (ii) payments shall be made monthly (iii) no interest on its claim; and (iv) no prepayment penalty.

### 5.06    Class 6. Allowed Equity Interests

Class 6 Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The Equity interest holder David Murto shall retain his equity interest in the Debtor. On the Effective Date, each holder of an Allowed Equity Interest in the Debtor shall retain their Equity Interest in the Debtor and shall receive no Distribution under the Plan on account of such Equity Interests prior to all payments being made under the Plan; provided that, such Equity Interest shall be held in escrow.

This class is impaired.

## ARTICLE VI

### PROVISIONS REGARDING VOTING AND DISTRIBUTIONS UNDER THE PLAN, ALLOWANCE OF CERTAIN CLAIMS, AND TREATMENT OF DISPUTED, CONTINGENT AND UNLIQUIDATED ADMINISTRATIVE EXPENSE CLAIMS, CLAIMS AND EQUITY INTERESTS

### 6.01    Solicitation of Votes

In accordance with §1124 of the Code, the Claims in Classes 1, 2, 4, 5 and 6 are impaired and entitled to vote on the Plan.

In accordance with §§1126 and 1129 of the Bankruptcy Code an Impaired Class of Claims will have accepted the Plan if (i) the holders of at least two-thirds in amount of the Allowed Claims actually voting in the Class have voted to accept the Plan, and (ii) the holders of more than one-half in number of the Allowed Claims actually voting in the Class voted to accept the Plan, not counting the vote of any holder designated under §1126(e) of the Bankruptcy Code or any insider. A vote may be

disregarded if the Court determines, after notice and a hearing, that acceptance or rejection was not solicited or procured in good faith or in accordance with the provisions of the Code.

### 6.02    Voting of Claims and Equity Interests

Each holder of an Allowed Claim or Equity Interest in an Impaired Class of Claims or Equity Interests that is entitled to vote on the Plan pursuant to the Code shall be entitled to vote separately to accept or reject the Plan as provided in such order as may be entered by the Court establishing certain procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, or any other order or orders of the Court. Holders of Claims valued at an unknown amount, and holders of Disputed Claims, shall not be entitled to vote on the Plan, unless otherwise provided in the Plan.

### 6.03    Method of Distribution Under the Plan

(a)    Subject to Rule 9010, and except as otherwise provided in Section 6.04 of the Plan, all distributions under the Plan shall be made by the Reorganized Debtor to the holder of each Allowed Claim or Allowed Equity Interest, on a monthly basis, at the address of such holder as listed on the Schedules and/or Proof of Claim as of the Distribution Record Date unless the Debtor or Reorganized Debtor has been notified in writing of a change of address, including by the filing of a proof of Claim by such holder that provides an address different from the address reflected on the Schedules.

(b)    Any payment of Cash made by the Reorganized Debtor pursuant to the Plan shall be made on a monthly basis by check drawn on a domestic bank or by wire transfer.

(c)    Any payment or distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

(d)    No payment of Cash less than One Hundred 00/100 Dollars ($100.00) shall be made by the Reorganized Debtor to any holder of a Claim unless a request therefor is made in writing to the Reorganized Debtor, or unless the Distribution is a final Distribution.

(e)    When any distribution on account of an Allowed Claim pursuant to the Plan would otherwise result in a Distribution that is not a whole number, the actual distribution shall be rounded as follows: fractions of $^1/_2$ or greater shall be rounded to the next higher whole number and fractions of less than $^1/_2$ shall be rounded to the next lower whole number. Cash to be distributed pursuant to the Plan shall be adjusted as necessary to account for the rounding provided in this section of the Plan.

(f)    In the event that any Distribution to any holder is returned as undeliverable, the Debtor shall use reasonable efforts to determine the current address of such holder, but no Distribution to such holder shall be made unless and until the Debtor has determined the then current address of such holder, at which time such Distribution shall be made to such holder without interest; provided that any Distribution shall be deemed unclaimed property under § 347(b) of the Bankruptcy Code at the expiration of six months from the Effective Date or the Distribution Date, whichever shall apply, and any entitlement of any holder of any Claim to such distributions shall be extinguished and forever barred.

(g)    Unless otherwise provided herein, all Initial Distributions and deliveries to be made on the Effective Date shall be made on the Effective Date. Subsequent distributions shall be made in accordance with the terms set forth in the Plan.

(h)    At the close of business on the Distribution Record Date, the claims register shall be closed, and there shall be no further changes in the record holders of any Claims. The Debtor shall have no obligation to recognize any transfer of any Claims occurring after the Distribution Record Date; *provided, however,* that the foregoing will not be deemed to prohibit the sale or transfer of any Claim subsequent to the Distribution Record Date and prior to the Effective Date. The Debtor shall instead be entitled to recognize and deal for all purposes under the Plan with only those record holders as of the close of business on the Distribution Record Date.

### 6.04    Distributions Withheld for Disputed Claims

(a)    On the initial distribution date and each subsequent distribution date, the Reorganized Debtor shall reserve from the Distributions to be made on such dates to the holders of Allowed Claims, an amount equal to One Hundred Percent (100%) of the Distributions to which holders of Disputed Claims would be entitled under the Plan as of such dates if such Disputed Claims were Allowed Claims in their Disputed Claim Amounts, or as estimated by the Debtor or the Court in accordance with Section 6.08 of the Plan (the *"Disputed Claims Reserve").*

(b)    Property Held in Disputed Claims Reserve

Cash in the Disputed Claims Reserve shall be held in trust by the Reorganized Debtor for the benefit of the potential recipients of such Cash and shall not constitute property of, the Reorganized Debtor. In the event the Court subsequently disallows a Disputed Claim, Cash and any other consideration in the Disputed Claims Reserve on account of such disallowed Disputed Claim, and any other consideration actually distributed on account of such Disputed Claim, shall vest in the Reorganized Debtor,

(c)    Distributions Upon Allowance of Disputed Claims

The holder of a Disputed Claim that becomes an Allowed Claim subsequent to the Distribution Date shall receive distributions of Cash and any other consideration from the Disputed Claims Reserve from the Reorganized Debtor upon the subsequent distribution date following the date on which such Disputed Claim becomes an Allowed Claim pursuant to a Final Order. Such Distributions shall be made in accordance with the Plan.

(d)    No Surplus Distributions to Holders of Allowed Claims

To the extent that a Disputed Claim is not Allowed or becomes an Allowed Claim in an amount less than the Disputed Claim Amount, the excess of Cash and any other consideration in the Disputed Claims Reserve over the amount of Cash and any other consideration actually distributed on account of such Disputed Claim shall vest in the Reorganized Debtor.

(e)    Expenses of Disputed Claims Reserve

Except as otherwise ordered by the Court, the amount of any reasonable expenses incurred by the Reorganized Debtor on or after the Effective Date with respect to the Disputed Claims Reserve shall be paid by the Reorganized Debtor.

### 6.05    Procedures for Allowance or Disallowance of Disputed Claims

(a)  Objections to and Resolution of Claims, Administrative Claims and General Unsecured Claims

Any and all objections to any claim must by filed by the deadline ordered by the Court. In the event that the Debtor settles any claim objection, the Debtor may seek approval by submitting an Agreed Order in a form acceptable to the Debtor and the holder of the Disputed Claim. In the event that the Debtor and holder of a Disputed Claim do not reach a consensual resolution of the claim objection, then the Debtor will set the contested matter for hearing, before the Bankruptcy Court and will provide all interested parties with notice of the date set.

If any distribution to a holder of an Allowed Claim remains unclaimed for a period of ninety (90) days after such distribution has been delivered to the holder the Allowed Claim, the amount of the Claim upon which such distribution was made shall be canceled and said claimant shall not be entitled to any further distributions hereunder. A distribution of funds is unclaimed, if, without limitation, the holder of an Allowed Claim does not cash a check, returns a check or if the check mailed to the holder at the address set forth in the Schedules, the Amended Schedules or set forth in a proof of claim filed by such holder is returned by the United States Postal Service or any other country's postal service as undeliverable.

Except as to applications for allowance of compensation and reimbursement of expenses under §§ 330 and 503 of the Code, the Debtor or the Reorganized Debtor shall have the exclusive right to make and file objections to Administrative Claims and General Unsecured Claims subsequent to the Effective Date. All objections shall be litigated to Final Order; *provided, however,* that following the Effective Date, the Reorganized Debtor shall have the authority to compromise, settle, otherwise resolve or withdraw any of their objections without approval of the Court unless otherwise ordered by the Court. The Debtor or the Reorganized Debtor shall file all objections to Claims and serve such objections upon the holder of the Claim as to which the objection is made as soon as is practicable, but in no event later than one hundred twenty (120) days after the Effective Date or such later date as may be approved by the Court. The Debtor or the Reorganized Debtor reserves the right to object to Administrative Claims as such claims arise in the ordinary course of business. The Reorganized Debtor shall bear all costs and expenses relating to the investigation and prosecution of Disputed Claims from and after the Effective Date.

Subject to applicable law, from and after the Effective Date, the Debtor will have the authority to file, settle, compromise, withdraw, arbitrate or litigate to judgment objections to Claims pursuant to applicable procedures established by the Bankruptcy Code, the Bankruptcy Rules and the Plan. Any and all objections to any claim must be filed prior to the Objection Deadline, or as otherwise ordered by the Court, or with respect to rejection claims, prior to the Objection to Rejection Claims Deadline.

An Objection to the allowance of a Claim or Interest will be in writing and may be filed with the Bankruptcy Court by the Debtor, at any time on or before the Claim Objection Deadline. The failure by Debtor to object to any Claim or Interest for voting purposes will not be deemed a waiver of Debtor's right to object to any such Claim in whole or in part

### (b) No Distribution Pending Allowance

Notwithstanding any other provision of the Plan, if any portion of a Claim is disputed, the full amount of such Claim shall be treated as a Disputed Claim for purposes of this Plan, and no payment or Distribution provided under the Plan shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim or Allowed Equity Interest (in whole or in part).

### (c) Disallowed Claims

All Claims held by Persons against whom the Debtor or Disbursing Agent has commenced an Action under §§ 542, 543, 544, 545, 547, 548, 549, and/or 550 of the Code, shall be deemed "disallowed" Claims pursuant to § 502(d) of the Code and holders of such Claims shall not be entitled to vote to accept or reject the Plan. Claims that are deemed disallowed pursuant to Section 6.05(c) of the Plan shall continue to be

disallowed for all purposes until the Avoidance Action against such party has been settled or resolved by Final Order and any sums due to the Estate from such party have been paid.

### 6.06    Disbursing Agent

The Reorganized Debtor, or such Person(s) as the Reorganized Debtor may designate with approval of the Court, will act as Disbursing Agent under the Plan with respect to all Distributions to holders of Claims and Equity Interests, and will make all Distributions required to be distributed under the applicable provisions of the Plan. Any Disbursing Agent may employ or contract with other entities to assist in or make the Distributions required by the Plan. Each Disbursing Agent will serve without bond.

### 6.07    Setoffs and Recoupment

The Debtor may, but shall not be required to, set off (pursuant to the provisions of §§ 553 and 362 of the Code or other applicable law) against or recoup from any Claim or Equity Interest and the payments to be made pursuant to the Plan in respect of such Claim or Equity Interest, any Claims of any nature whatsoever that the Debtor may have against the claimant, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any setoff or recoupment right they may have against the holder of such Claim or Equity Interest.

### 6.08    Estimations of Claims

For purposes of calculating and making Distributions under the Plan, the Debtor, or Reorganized Debtor, as applicable, and the holder of a Disputed Claim shall be entitled to estimate, in good faith and with due regard to litigation risks associated with Disputed Claims, the maximum dollar amount of Allowed and Disputed Claims, inclusive of contingent and/or unliquidated Claims in a particular Class. The Debtor, Reorganized Debtor and holder of a Disputed Claim may at any time request that the Court estimate any contingent or unliquidated Claim pursuant to § 502(c) of the Code or otherwise regardless of whether the Debtor or Reorganized Debtor previously, objected to such Claim or whether the Court has ruled on any such objection, and the Court will retain jurisdiction to estimate any Claim at any time during litigation concerning such objection to any claim, including without limitation, during the pendency of any appeal relating to any such objection. In the event that the Court estimates any contingent or unliquidated claim, the amount so estimated shall constitute either the Allowed Amount of such Claim or a maximum limitation on the amount of such Claim, as determined by the Court If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Debtor or the Reorganized Debtor may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Court.

### 6.09    No Recourse

Notwithstanding that the Allowed Amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Code and Rules or is Allowed in an amount for which after application of the payment priorities established by the Plan there is insufficient value to provide a recovery equal to that received by other holders of Allowed Claims in the respective Class, no Claim holder shall have recourse against the Disbursing Agent, the Debtor, the Reorganized Debtor, or any of their respective professionals, consultants, officers, directors or Affiliates or their respective successors or assigns, or any of their respective property. However, nothing in the Plan shall modify

any right of a holder of a Claim under § 502(j) of the Code. THE ESTIMATION OF CLAIMS AND ESTABLISHMENT OF RESERVES UNDER THE PLAN MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS.

**6.10    Amendments to Claims**

A Claim may be amended prior to the Confirmation Date only as agreed upon by the Debtor and the holder of such Claim, or as otherwise permitted by the Court, the Rules or applicable law. After the Confirmation Date, a Claim may not be amended without the authorization of the Court. Any amendment to a Claim filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Debtor, the Reorganized Debtor or the Estate, unless the Claim holder has obtained prior Court authorization for the filing of such amendment.

**6.11    Postpetition Interest on Claims**

Unless expressly provided in the Plan, the Confirmation Order, or any contract, instrument, release, settlement, or other agreement entered into in connection with the Plan or required by applicable law, postpetition interest shall not accrue on or after the Petition Date on account of any Claim.

**6.12    Unclaimed Funds**

Any funds unclaimed for the period described in paragraph 6.03(f) above shall be forfeited by the holder and will be re-deposited in the Disbursing Agent's account.

## ARTICLE VII

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.01    Assumption or Rejection of Executory Contracts and Unexpired Leases**

(a)    Executory Contracts and Unexpired Leases

The Code grants the Debtor the power, subject to the approval of the Court, to assume or reject executory contracts and unexpired leases. If an executory contract or unexpired lease is rejected, the other party to the agreement may file a claim for damages incurred by reason of the rejection. In the case of rejection of leases of real property, such damage claims are subject to certain limitations imposed by the Code

Pursuant to §§ 365(a) and 1123(b)(2) of the Code, all executory contracts and unexpired leases between the Debtor and any Person shall be deemed rejected by the Reorganized Debtor as of the Effective Date, except for any executory contract or unexpired lease (i) which previously has been assumed or rejected pursuant to an order of the Court entered prior to the Effective Date, (ii) as to which a motion for approval of the assumption or rejection of such executory contract or unexpired lease has been filed and served prior to the Effective.

(b)    Approval of Assumption or Rejection of Executory Contracts and Unexpired Leases

Subject to the occurrence of the Effective Date, entry of the Confirmation Order shall constitute (i) the approval, pursuant to §§ 365(a) and 1123(6)(2) of the Code, of the assumption of the executory contracts and unexpired leases assumed pursuant to Article VII of the Plan and (ii) the approval, pursuant to §§ 365(a) and

1123(b)(2) of the Code, of the rejection of the executory contracts and unexpired leases rejected pursuant to the Plan.

The lease with Comcast is rejected. The Debtor is not obligated and shall not make any payments to Comcast as no payments are due to Comcast.

### 7.02    Cure of Defaults

To the extent that cure payments are due with respect to an executory contract or unexpired lease to be assumed pursuant to the Plan, the amount of such cure payment shall be made by the Debtor consistent with agreement of the non-Debtor and the Debtor.

### 7.03    Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan

Claims arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan must be filed with the Court and/or served upon the Debtor or Reorganized Debtor or as otherwise may be provided in the Confirmation Order, by the deadline set by this Court. Unless otherwise ordered by the Court, all Claims arising from the rejection of executory, contracts and unexpired leases shall be treated as Unsecured Claims under the Plan.

## ARTICLE VIII

## MEANS FOR IMPLEMENTATION
## AND EFFECT OF CONFIRMATION OF PLAN

### 8.01    General

Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Debtor or Reorganized Debtor, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms, and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

### 8.02    Continued Corporate Existence

Reorganized Debtor shall continue to exist after the Effective Date with all powers of a limited liability company under the laws of the State of Florida and without prejudice to any right to alter or terminate such existence (whether by merger or otherwise) under Florida law; and, following the Effective Date, Reorganized Debtor may operate its business free of any restrictions imposed by the Bankruptcy Code, the Bankruptcy Rules or by, the Court, subject only to the terms and conditions of this Plan and Confirmation Order.

### 8.03    The Reorganized Debtor

Except as otherwise provided in the Plan and the Confirmation Order, on the Effective Date, Reorganized Debtor shall be vested with all of the property of the Estate free and clear of all claims, liens, encumbrances, charges, and other interests, including but not limited to that of holders of Claims and holders of Equity Interests. The Reorganized Debtor shall assume all of the Debtor's rights, obligations and liabilities under the Plan.

### 8.04    Corporate Action

On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the stockholders, directors or members of the Debtor or Reorganized Debtor or its successors in interest under the Plan, including, without limitation, the authorization to issue or cause to be issued the new common stock and documents relating thereto, the adoption of the Reorganized Debtor's Certificate of Incorporation, the Reorganized Debtor's Bylaws, and the election or appointment, as the case may be, of directors and officers of the Debtor pursuant to the Plan, shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable General Corporation Law, without any requirement of further action by the managing members of the Debtor or Reorganized Debtor. On the Effective Date or as soon thereafter as is practicable, the Reorganized Debtor shall, if required, file its amended certificate of incorporation with the secretary of state of the state in which the Reorganized Debtor is incorporated, in accordance with the applicable general corporation law of such state.

### 8.05    Administration After the Effective Date

After the Effective Date, the Reorganized Debtor may operate its business, and may use, acquire, and dispose of their property, free of any restrictions of the Code and Rules.

### 8.06    Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Case under §§ 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

### 8.07    Re-vesting of Assets

Except as otherwise provided in the Plan, pursuant to §1141 of the Code, the property of the Estate of the Debtor, including, without limitation, Actions shall re-vest in the Reorganized Debtor on the Effective Date, free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or the Confirmation Order.

### 8.08    Causes of Action

As of the Effective Date, pursuant to section 1123(b)(3)(B) of the Code, any and all Actions accruing to the Debtor and Debtor in Possession, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Code, shall become assets of the Reorganized Debtor, and the Reorganized Debtor shall have the authority to commence and prosecute such Actions for the benefit of the Estate. The Reorganized Debtor shall continue to prosecute any Action pending on the Effective Date.

### 8.09    Discharge of Debtor

Except as otherwise provided herein or in the Confirmation Order, the rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and Equity Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtor and the Debtor in Possession, the Estate, any of the assets or properties under the Plan. Except as otherwise provided herein , (i) on the Effective Date, all such Claims against the Debtor, and Equity Interest in the Debtor, shall be satisfied, discharged and released in full, and (ii) all Persons shall be precluded and enjoined from asserting against the Reorganized Debtor, its successors, its assets or properties, any other or further Claims or Equity Interests

based upon any act or omission, transaction or other activity of any kind or nature that, occurred prior to the Confirmation Date, whether or not such holder has filed a proof of claim or proof of equity interest and whether or not such holder has voted to accept or reject the Plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property, after the date of entry of the Confirmation Order.

### 8.10    Injunction Related to Discharge

Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtor, or Equity Interests in the Debtor, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Equity Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor the Debtor, on account of any such Claim or Equity Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim or Equity Interest. Such injunctions shall extend to successors of the Debtor (including, without limitation, the Reorganized Debtor) and their respective properties and interests in property.

### 8.11    Release by Holders of Impaired Claims.

This Plan, and the provisions and distributions set forth herein, is a full and final settlement and compromise of all Claims and causes of action, whether known or unknown, that holders of Claims against the Debtor, and Equity Interests in the Debtor, may have against any of the Released Parties pursuant to Sections 1123(b)(3) and (6) of the Bankruptcy Code and Bankruptcy Rule 9019 In consideration of the obligations of the Debtor and the Reorganized Debtor under this Plan, the securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with this Plan, each holder of a Claim against or Equity Interest in the Debtor shall be deemed to forever release, waive and discharge all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the rights to enforce the Debtor's or the Reorganized Debtor's obligations under this Plan and the securities, contracts, instruments, releases and other agreements and documents delivered thereunder) against the Released Parties, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 case or the conduct thereof, or this Plan. Notwithstanding the foregoing, nothing in this Article 8.12, the Plan, or the Confirmation Order shall release any Claim or causes of action for gross negligence or willful misconduct.

### 8.12    Injunction Against Interference with the Plan

Upon the entry of a Confirmation Order with respect to the Plan, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the

implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.

### 8.13    Votes Solicited in Good Faith

The Debtor has, and upon confirmation of the Plan shall be deemed to, have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and on account of such solicitation will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

### 8.14    Payments Within 90 Days of Filing

Section 547 of the Code enables a debtor in possession to avoid transfers the debtor made while it was insolvent, to a creditor, based upon an antecedent debt, within ninety (90) days of the petition date, which enabled the creditor to receive more than it would under a liquidation. Creditors have defenses to the avoidance of such preferential transfers based upon, among other things, the transfers having occurred as part of the debtor's ordinary course of business, or that subsequent to the transfer the creditor provided the debtor with new value. In this case, the Debtor believes payments made to creditors prior to the Petition Date are not avoidable under section 547 of the Code because, among other things, such payments may not have enabled creditors to receive more than they would in a liquidation.

Notwithstanding the foregoing, prior to Confirmation, the Reorganized Debtor shall analyze payments made by the Debtor to creditors within ninety (90) days (or in the case of insiders, one year) before the Commencement Date to determine on a final basis which payments may be avoidable as preferential transfers under the Code and, if appropriate, prosecute such actions. Prior to Confirmation, the Debtor shall file a schedule of potential Avoidance Actions, if any.

### ARTICLE IX

### CONFIRMATION AND EFFECTIVENESS OF THE PLAN

### 9.01    Conditions Precedent to Confirmation

The Plan shall not be confirmed by the Court unless and until the following conditions shall have been satisfied or waived pursuant to Section 9.03 of the Plan

(i)      The Confirmation Order shall be in form and substance reasonably acceptable to the Debtor and include, among other things, a finding of fact that the Debtor, the Reorganized Debtor, and its respective present and former members, advisors, officers, directors, employees, advisors, attorneys, and agents acted in good faith within the meaning of and with respect to all of the actions described in § 1125(e) of the Code and are, therefore, not liable for the violation of any applicable law, rule or regulation governing such actions; and

(ii)     The Confirmation Order shall have been entered and, shall be a Final Order (with no modification or amendment thereof), and there shall he no stay or injunction that would prevent the occurrence of the Effective Date;

(iii)    The statutory fees owing to the United States Trustee shall have been paid in full;

(iv)    All other actions, authorizations, filings, consents and regulatory approvals required (if any) shall have been obtained, effected or executed in a manner acceptable to the Debtor and remain in full, force and effect or, if waivable, waived by the Person or Persons entitled to the benefit thereof.

## 9.02    Effect of Failure of Conditions

If each condition to the Effective Date specified in the Plan has not been satisfied or duly waived within ninety (90) days after the Confirmation Date, then upon the filing of a motion, by the Debtor made before the time that all conditions have been satisfied or duly waived, the Confirmation Order will be vacated by the Court, *provided, however,* that notwithstanding the filing of such a motion, the Confirmation Order shall not be vacated if each of the conditions to, the Effective Date is either satisfied or duly waived before the Court enters an order granting the relief requested in such motion. If the Confirmation Order is vacated, the Plan shall be deemed null and void in all respects, including without limitation the discharge of Claims pursuant to §1141 of the Code and the assumptions or rejections of executory contracts and unexpired leases as provided by the Plan, and nothing contained herein shall (1) constitute a waiver or release of any Action by, or Claims against, the Debtor or (2) prejudice in any manner the rights of the Debtor.

## 9.03    Waiver of Conditions

The Debtor may waive one or more of the conditions precedent to confirmation of the Plan, or the condition precedent to effectiveness of the Plan set forth in Section 9.01 of the Plan.

The Debtor may waive in writing one or more of the other conditions precedent to confirmation and effectiveness of the Plan, without further notice to parties in interest or the Court without a prior hearing.

## ARTICLE X

## RETENTION OF JURISDICTION

The Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Case and the Plan pursuant to, and for the purposes of §§105(a) and 1142 of the Code and for, among other things, the following purposes:

(a)    to hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any are pending, and the allowance of Claims resulting therefrom;

(b)    to determine any, and all adversary proceedings, motions, applications and contested matters, and other litigated matters pending on the Confirmation Date;

(c)    to hear and determine all Actions, including, without limitation, Actions commenced by the Debtor or any other party in interest with standing to do so, pursuant to §§ 505, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Code, collection matters and settlements thereof;

(d)    to hear and determine any objections to or the allowance, classification, priority, compromise, estimation or payments of any Administrative Claims, Claims or Equity Interests;

(e)    to ensure that Distributions to holders of Allowed Claims are accomplished as provided in the Plan;

(f)    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(g)    to issue such orders in aid of execution and consummation of the Plan, to the extent authorized by §1142 of the Code;

(h)    to consider any amendments to or modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in the Plan, the Plan Supplement, or any order of the Court, including, without limitation, the Confirmation Order;

(i)    to hear and determine all applications for compensation and reimbursement of expenses of Professionals under §§ 330, 331, and 503(b) of the Code;

(j)    to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan;

(k)    to recover all Assets of the Debtor and Property of the Estate, wherever located;

(l)    to determine any Claim of or any liability to a governmental unit that may be asserted as a result of the transactions contemplated herein;

(m)    to enforce the Plan, the Confirmation Order and any other order, judgment, injunction or ruling entered or made in the Case, including, without limitation, the discharge, injunction, exculpation and releases provided for in the Plan;

(n)    to take any action and issue such orders as may be necessary to, construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation;

(o)    to hear and determine matters concerning state, local and federal taxes in accordance with §§ 346, 505, and 1146 of the Code (including, but not limited to, an expedited determination under §505(6) of the Code of the tax liability of the Debtor for all taxable periods through the Effective Date for all taxable periods of the Debtor through the liquidation and dissolution of such entity);

(p)    to enter and implement orders and to take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity, with the consummation and implementation of the Plan, including, without limitation, to issue, administer, and enforce injunctions, releases, assignments, or indemnity obligations contained in the Plan and the Confirmation Order;

(q)    to hear any other matter not inconsistent with the Code; and

(r)    to enter a final decree closing the Case; *provided however,* that nothing in the Plan shall divest or deprive any other court or agency of any jurisdiction it may have over the Reorganized Debtor under applicable environmental laws.

## ARTICLE XI

## <u>MISCELLANEOUS PROVISIONS</u>

### 11.01  Effectuating Documents and Further Transactions

The Debtor or Reorganized Debtor, as the case may be, is authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to implement, effectuate and further evidence the terms and conditions of the Plan and any notes or securities issued pursuant to the Plan.

### 11.02  Post-Effective Date Fees and Expenses

From and after the Effective Date, the Reorganized Debtor shall, in the ordinary course of business and without the necessity for any approval by the Court, pay the reasonable fees and expenses of Professionals thereafter incurred by the Reorganized Debtor, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

### 11.03  Payment of Statutory Fees

The Reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6). After confirmation, the Reorganized Debtor shall file with the Court and serve on the United States Trustee a quarterly financial report regarding all income and disbursements, including all plan payments, for each quarter (or portion thereof) the Case remains open.

### 11.04  Amendment or Modification of Plan

Alterations, amendments or modifications of the Plan may be proposed in writing by the Debtor at any time prior to the Confirmation Date in conformity with §1127(a) of the Code, provided that the Plan, as altered, amended or modified, satisfies the conditions of §§1123 and 1129 of the Code, and the Debtor shall have complied with §1121 of the Code. The Plan may be altered, amended or modified by the Debtor at any time after the Confirmation Date in conformity with §1127(b) of the Code, provided that the Plan, as altered, amended or modified, satisfies the requirements of §§ 1122 and 1123 of the Code and the Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under § 1129 of the Code and the circumstances warrant such alterations, amendments or modifications. A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

Prior to the Effective Date, the Debtor, and without the approval of the Bankruptcy Court, and without notice to all holders of Claims and Interests, insofar as it does not materially adversely affect the interests of holders of Claims and Interests, may correct any defect, omission or inconsistency in this Plan in such manner and to such extent as may be necessary to expedite the execution of this Plan.

### 11.05  Severability

Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of this Plan.

### 11.06  Revocation or Withdrawal of the Plan

The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Actions by or against the Debtor or any other Person, an admission against interests of the Debtor, nor shall it prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

### 11.07  Binding Effect Notices

The Plan shall be binding upon and inure to the benefit of the Debtor, the holders of Claims and Equity Interests, and their respective successors and assigns, including, without limitation, the Reorganized Debtor.

### 11.08  Notices

All notices, requests and demands to or upon the Debtor or the Reorganized Debtor to be effective shall be in writing and, unless otherwise expressly provided in the Plan, shall be deemed to have been duly given or made when actually, delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed. Notices shall be delivered to the following.

**To the Reorganized Debtor:**
Short Environmental Laboratories, Inc.
c/o David Murto
11911 U.S. 27 South
Sebring, Florida 33876

**With a copy to:**
Nadine V. White-Boyd, Esq.
White-Boyd Law, PA
5589 Okeechobee Blvd., Suite 103
West Palm Beach, FL  33417

### 11.09  Governing Law

Except to the extent the Code, Rules or other federal law is applicable, or to the extent the Plan or any agreement entered into pursuant to the Plan provides otherwise, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving effect to the principles of conflicts of law of such jurisdiction.

### 11.10  Withholding and Reporting Requirements

In connection with the consummation of the Plan, the Debtor or the Reorganized Debtor, as the case may be, shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements.

### 11.11  Section 1125(e) of the Code

As of the Confirmation Date, the Debtor shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Code.

### 11.12  Filing of Additional Documents

On or before Substantial Consummation of the Plan, the Debtor shall file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

### 11.13  No Admissions

Notwithstanding anything in the Plan to the contrary, nothing contained in the Plan shall be deemed as an admission by any Person with respect to any matter set forth in the Plan or herein.

### 11.14  Waiver of Bankruptcy Rule 3020(e) and 7062

The Debtor may request that the Confirmation Order include (a) a finding that the 14 day  stay under Rules 3020(e) and 7062 shall not apply to the Confirmation Order; and (b) authorization for the Debtor to consummate the Plan immediately after entry of the Confirmation Order.

### 11.15  Time

In computing any period of time prescribed or allowed by the Plan, unless otherwise set forth herein or determined by the Court, the provisions of Rule 9006 shall apply.

### 11.16  Substantial Consummation

On the Effective Date, the Plan shall be deemed to be substantially consummated under §§ 1101 and 1127(b) of the Code.

### 11.17  Final Decree

Once there has been Substantial Consummation of the Plan, the Reorganized Debtor shall file a motion with the Court to obtain a final decree to close the Case

### 11.18  Inconsistency

In the event of any inconsistency between the Plan and any Exhibit to the Plan or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern. In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern.

### 11.19  No Interest or Attorneys' Fees

Except as otherwise provided under the Plan, or as ordered by the Court, no interest, penalty or other charge, including any late charge, arising from and after the Petition Date, and no award or reimbursement of any attorneys' fees or other related cost or disbursement, shall be allowed on, or in connection with, any Claim, unless otherwise provided under the Plan or awarded by the Court.

### 11.20    Successors and Assigns

This Plan and all the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

### 11.21    Headings

The headings of articles, paragraphs and sub-paragraphs in this Plan are inserted for convenience only and shall not affect the interpretation of any provision of this Plan,

### 11.22    No Penalty for Prepayment

Neither the Debtor nor the Reorganized Debtor shall be liable for payment of any sum or interest in the form of a penalty relating to the prepayment of any claim treated under this Plan.

### 11.23    Savings Clause

Any minor defect or inconsistency in the Plan may be corrected or amended by the Confirmation Order.

### 11.24    Remedy or Defects

After the Effective Date, the Reorganized Debtor may, with approval of the Court, and so long as it does not materially and adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan and in form and substance satisfactory to the Reorganized Debtor.

### 11.25    Post-Confirmation Date Service List

From and after the Confirmation Date, all notices of appearance and demands for service of process filed with the Court prior to such date shall no longer be effective. No further notices, other than notice of entry of the Confirmation Order shall be required to be sent to such Entities.

**ARTICLE XII**
**CONCLUSION**

The aforesaid provisions shall constitute the Plan of Reorganization of the Debtor. This Plan, when approved and confirmed by, the Court, shall be deemed binding on the Debtor, the Reorganized Debtor, and all creditors and all parties in interest and their successors and assigns in accordance with §1141 of the Bankruptcy Code.

DATED: _5/6/19_          SHORT ENVIRONMENTAL LABORATORIES, INC.

By: David Murto, Its President

## ATTORNEY CERTIFICATION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing by CM/ECF to all parties registered to receive such service in this case on May 6, 2019.

Respectfully Submitted,


White-Boyd Law, PA
Attorneys for the Debtor
5589 Okeechobee Blvd., Suite 103
West Palm Beach, FL  33417
Phone: (561)508-3042

By:/s/ Nadine V. White-Boyd
Nadine V. White-Boyd, Esq.
Florida Bar. No. 0184144